# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 23-0208V

|  |  |
|---|---|
| JULIA HILL, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: July 16, 2025 |

*Bruce William Slane, Law Office of Bruce W. Slane, P.C., White Plains, NY, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 13, 2023, Julia Hill filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of receiving an influenza vaccination on November 9, 2021. Petition, ECF No. 1. On September 18, 2024, I issued a decision awarding compensation to Petitioner based on Respondent's proffer. ECF No. 31.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $43,889.42 (representing $37,966.50 in fees plus $5,922.92 in costs). Application for Attorneys' Fees and Costs ("Motion") filed January 10, 2025, ECF No. 36. Furthermore, Petitioner filed a signed statement representing that Petitioner incurred no personal out-of-pocket expenses. ECF No. 36-3.

Respondent reacted to the motion on January 16, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 37. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request. The rates requested for attorneys and paralegals that performed work in this matter through the end of 2024 are reasonable and consistent with prior determinations and shall be awarded herein. I also note that Petitioner requests reimbursement related to a two-day trip to Seattle for an in-person meeting with Petitioner. It is well established that special masters traditionally have compensated time spent traveling at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). The billing records show that Attorney Slane correctly billed his travel time at one-half of his hourly rate as required by the Program. Thus, I find no reason to reduce the fees claimed for travel.

However, the billing records reveal several hours claimed on tasks considered administrative in nature.[3] But billing at *any professional rate* for clerical and other administrative work is not permitted in the Vaccine Program. See *Rochester* v. *U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Attorneys may not separately charge for clerical or secretarial work because such

---

[3] The billing entries considered administrative in nature are dated as follows: 2/11/22: "Arctrieval client set up forms." 2/15/22: "Memo re TC with client." 3/18/22: "Arctrieval Setup." 3/23/22: "Prepare case status memo for file." 3/23/22 (five entries re: Internal memos to file); 3/25/22; 3/29/22; 4/5/22; 4/14/22; 4/21/22; 5/2/22; 7/14/22 (two entries re internal memos); 7/21/22; 7/27/22; 8/1/22; 9/28/22; 9/29/22; 12/2/22; 12/6/22 (two entries); 12/7/22; 12/13/22; 1/5/23; 1/17/23 (two entries); 2/9/23; 4/23/24; 5/15/24; 7/16/24; 9/4/24; 9/16/24 (two entries re: internal memos to file); 12/19/24: "Prepare Tab A, B, and C for filing." These billing entries reflect a cumulative total of $958.20 in fees claimed for tasks that are non-compensable. ECF No. 36-1.

2

work is reflective of office overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs*., No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Kerridge* v. *Sec'y of Health & Human Servs*., No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver* v. *Sec'y of Health & Human Servs*., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, time incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $958.20.**

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 36-2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $42,931.22 (representing $37,008.30 in fees plus $5,922.92 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3